

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 02, 2019.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: JIREH PRODUCE SALES, CO. | ) | Case No. 18-51111-CAG |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| JOHN PATRICK LOWE, | ) | |
| CHAPTER 7 Trustee | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. No. 18-05222 |
| RODOLFO LOPEZ ALONSO, | ) | |
| ISIDORO PEREZ VELAZQUEZ, AND | ) | |
| IS PE PRODUCE, INC. | ) | |
| | ) | |
|    Defendants. | ) | |

### MEMORANDUM OPINION

This Memorandum Opinion resolves the above-referenced adversary proceeding in which the Court conducted a one-day trial on July 24, 2019, before taking the matter under advisement. The Court has reviewed the entire record before it; including all admitted exhibits and weighed the testimony of the witness who testified.

## JURISDICTION

This Court has jurisdiction to enter a final order with regard to matters presently under submission pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(h) (proceedings to determine, avoid, or recover fraudulent transfers), and the Standing Order of Reference of Bankruptcy Matters entered by the United States District Court for the Western District of Texas. This Memorandum Opinion constitutes the Court's written findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL BACKGROUND

On June 11, 2018, the Trustee filed a Notice of Removal removing a state court suit filed by Apex Capital, Ltd ("Apex") against Defendant Rodolfo Lopez Alonso ("Alonso") for fraudulent transfer, cause number 16-07-0429-CVW in the 81st Judicial District of Wilson County, Texas. (ECF No. 1). On November 7, 2018, the Trustee filed an Amended Complaint to Recover Fraudulent Transfer (ECF No. 18) seeking to avoid a transfer under 11 U.S.C. § 544[1] (incorporating a cause of action under Tex. Bus. & Comm. Code Ann. § 24 (West 2019))[2] and recovery under § 550(a). Defendant Alfonso timely answered. Defendants Isidoro Perez Velazquez and IS PE Produce, Inc. were properly served but did not timely answer and the Court issued Default Judgment against both Isidoro Perez Velazquez and IS PE Produce, Inc. (ECF No. 42). The above-referenced adversary proceeding came before this Court for trial on July 24, 2019.

## ADMITTED EXHIBITS

The Court admitted Plaintiff's Exhibits 1–7.

## UNCONTESTED FACTS

On July 30, 2015, Jireh Produce Sales, Co. ("Debtor") conveyed real estate located at 17575 U.S. Hwy 87, Adkins, Texas (the "Property"), to Isidoro Perez Velazquez ("Valezquez"). The Property included a home which Debtor used as an office for purposes of operating its business. On September 28, 2015, Debtor conveyed the Property by correction deed to ISPE Produce, Inc. ("IS PE"). ("Sale #1"). The HUD

---

[1] All references are to 11 U.S.C. § 101 *et seq.* unless specifically noted.
[2] Referred to as the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Comm. Code § 24.001 *et seq.*

Closing Statement for Sale # 1 (the "Closing Statement") reflects that the sales price to Valezquez was $150,000.00 of which $77,331.79 was paid to South Trust Bank, the holder of the first mortgage, and that $69,805.75 was paid to Seller outside closing. The HUD Closing Statement identifies the Seller as the Debtor. On February 19, 2016, IS PE sold the Property to Manuel Alejandro Garcia and Monica Esmereleda Guzman for $209,000.00 ("Sale #2"). The settlement statement for Sale #2 states that ISPE received $194,273.84 from the sale.

At the § 341 Meeting, Alonso testified that he and Valezquez were buddies and that Debtor owed IS PE and/or Valezquez money, so Alonso agreed to allow IS PE and/or Valezquez to pay the remaining debt owed on the Propety in exchange for a deed and also agreed that if the Property was sold several months later, any profits from that sale would be applied to the debt. Alonso has been unable to produce any documentation evidencing the debt that Debtor owed to IS PE and/or Velazquez and Debtor did not schedule either party as a creditor of the estate. On December 1, 2016, Apex filed a state court suit against Debtor and obtained a judgment against Debtor on March 11, 2016. On July 6, 2016, Apex filed a state court suit against Alonso for fraudulent transfer. On May 8, 2018, Debtor filed a chapter 7 bankruptcy. On June 11, 2018, the Trustee removed the state court suit against Alonso to this Court.

At the time of Sale #1, Debtor was not paying its debts as they came due and Debtor's debts exceeded its assets or the transfer rendered Debtor insolvent.

**TESTIMONY**

In addition to the Court's determination of undisputed facts provided by the Parties' pre-trial orders (ECF Nos 44 and 46), the Court received into evidence testimony of Alonso, Debtor's prior president. His testimony is summarized below as it relates to the Trustee's claim for relief.

Alonso described the business of the Debtor and his role as prior president of the Debtor. Alonso testified that the Debtor went out of business sometime in 2014 and when it went out of business it had no assets other than the Property.

3

Alonso testified that he has known Velasquez since about the year 2000, but he has not talked to him since he filed bankruptcy in 2018. Alonso testified that Velasquez took the house because Alonso could not afford the mortgage on the Property and the mortgage on his house. Alonso testified that Velasquez agreed to pay off the mortgage on the Property. Alonso testified that the Debtor owed a debt to Velasquez and/or IS PE, but he has no documentation to support the debt.

Alonso testified that neither Debtor nor any person associated with Debtor or Alonso, including Alonso, received any of the proceeds resulting from Sale # 1 and Sale # 2. Debtor testified that the line 506 of the Closing Statement indicating that the seller of Sale #1, Debtor, was to be paid $69,805.75 paid outside closing, was a clerical error. Alonso testified that despite the fact that he signed the Closing Statement, neither Debtor nor any person associated with Debtor or Alonso, including Alonso, received proceeds from the sale. Alonso also testified that he did not examine the Closing Statement at the time he signed it. Alonso testified that Velasquez told him that he had received the excess proceeds from Sale # 1. Alonso testified that he received no benefit from the Sale # 1.

## DISCUSSION

The Trustee seeks to avoid the intitial transfer to Valesquez/IS PE—Sale # 1—under § 544 (incorporating a cause of action under Tex. Bus. & Comm. Code Ann. § 24) and to recover under § 550(a) $116,942.05 which represents the value of the equity of the Property resulting from Sale # 1 and Sale # 2 after payment of the mortgage to South Trust Bank.

Section 550(a) permits a trustee, after avoidance of a tansfer under § 544, to recover the property transferred or the value of the property transferred from an intial transferree of such transfer or the entity for whose benefit such transfer was made, or any immediate or mediate tansferee of such intial transferee. The Code does not define the terms initial transferee, immediate, or mediate transferee; however, a "transferee" is "one to whom a property interest is conveyed." *Transferee*, BLACK'S LAW DICTIONARY (8th Ed.). Alonso testified that he did not receive the proceeds from Sale #1 nor did Debtor nor anyone affiliated with Debtor or Alonso receive the proceeds. The Trustee submitted no competent evidence to demonstrate that Alsono received any interest in the Property from Sale # 1 nor did the Trustee provide any competent

5

evidence rebutting Alonso's testimony that he did not receive any proceeds. As such, the Court finds that Alonso is not a transferee under § 550(a) and therefore, Alonso should not be the subject of the Trustee's recovery efforts in this alleged fraudulent transfer.

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff has not met his burden to recover from Defendant Alonso and therefore, Alonso is not liable for the alleged fraudulent transfers.

IT IS FURTHER ORDERED that each Party will bear its own costs and expenses.

A Judgment will be entered contemporaneously with this Memorandum Opinion.

IT IS SO **ORDERED**.

# # #